Argued March 10, affirmed May 3, 1977

VASICEK, *Appellant,*
*v.*
BLACKWELL, *Respondent.*
(No. 413995, SC 24589)
563 P2d 679

Charles B. Guinasso, Portland, argued the cause and filed a brief for appellant.

William L. Hallmark, Portland, argued the cause for respondent. With him on the brief were William R. Miller, Jr., and Jones, Lang, Klein, Wolf & Smith, Portland.

Before Denecke, C. J., and Bryson, Linde, and O'Connell, Justices.

BRYSON, J.

## BRYSON, J.

This action was brought by plaintiff for personal injuries sustained as a result of the alleged negligence of the defendant. A verdict was returned by the jury in favor of plaintiff, and judgment was entered thereon. Plaintiff, being dissatisfied with the judgment, moved for a new trial. The motion was denied and plaintiff appeals.

The merit of plaintiff's case is not in issue on this appeal. At the close of the case the jury was instructed and sent out to deliberate. When the jury reported that they had reached a verdict, counsel and the respective parties were summoned to the courtroom. Responding to special interrogatories, the jury found that plaintiff and defendant were each 50 percent negligent and that plaintiff's total damages were in the amount of $1,882.50.

Upon being polled by the court, seven jurors answered in the affirmative that this was their verdict, and five jurors answered in the negative. Thereupon, a discussion was had in chambers between the trial judge and counsel. Because at least nine of the twelve jurors did not agree upon the verdict, it was agreed that the court would reinstruct and send the jury out for further deliberation.

While the trial court judge and counsel were in chambers, the jury remained in the courtroom. Jurors No. 1, 2, 3, 7, 8, and 9 participated in a discussion concerning the verdict. Juror No. 9 was heard to tell Juror No. 3, "You didn't vote that way in the juryroom." Juror No. 3 indicated that he did not remember or recall how he voted in the jury room. Other jurors were in dispute as to how they voted. It also appeared to plaintiff that some of the jurors seated close to the parties were uncomfortable at the conversation because it was taking place in the presence of the parties.

Upon returning to the courtroom, the trial judge

informed the jury they had not reached a legal verdict because at least nine of the jurors must agree upon both liability and the amount of damages. In response to this the foreman and Juror No. 11 said:

"THE FOREMAN: Your Honor, I took a vote on the thing in its entirety, as you asked for, just before we left the room. The vote then was 10 to 2.

"THE COURT: Well, maybe I could call the roll again. Did any of you misunderstand my questions?

"THE FOREMAN: I think so, yes.

"THE COURT: Because what the Court's question that I am asking you to respond to—and you only respond either yes or no—you would respond yes if you agreed and voted in favor of the verdict as I read it in its entirety. If you did not, you would respond no.

Now, is there any question about that?

"JUROR NO. 11: Yes. We took a vote on each question. And some of us on each question, there was at least 9 or more that agreed with each question. But we all didn't agree on the same question, and that is where the misunderstanding is.

"THE COURT: * * * [T]here must be at least 9 who agree on all of the issues in the case. Do you follow me? In other words, you cannot have—for instance, I am hypothetically saying you cannot have 9 who agree on the answer to Question 1 and 3 against it and then have 9 on Question 2, but it would be a different 9, so that you would take in—you have to have at least 9 of your number who agree on the entire. Now, you may have more who agree on some of the answers, but you have to have at least 9 who are consistent to agree that this is the verdict.

"Now, with that question in mind, the Court would call the roll once again. Anybody in doubt as to what the question is that I am putting to you?"

The trial judge then called the roll and 10 responded "yes" and two responded "no." The court then received the verdict.

Plaintiff contends that the original verdict was invalid because the poll first taken revealed that less than nine jurors agreed on the liability and damages.

It is contended that the court should have sent the jury back to the jury room for further deliberations and that it was prejudicial and reversible error to permit the jury to remain in the jury box and deliberate in the presence of the parties.

We have difficulty understanding how a party would be prejudiced simply because the jury argues in his presence about what went on in the jury room. But assuming, without deciding, that in some circumstances the trial court's failure to prevent such occurrence is reversible error, the circumstances here would not warrant reversal because it was clear that the original verdict was 10 to 2 and that the jurors simply misunderstood the trial judge's question on the first poll. As the foreman explained, "we took a vote on the thing in its entirety" in the first instance, and the vote was 10 to 2. This was verified by the second poll, taken after the jurors' misunderstanding on the first poll had been clarified.

Judgment affirmed.